UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DONTAYE KING
4260 N. 26th Street
Milwaukee, WI 53209

DUANE L. THOMPSON
2668 N. 41st Street
Milwaukee, WI

NORMAN BROUGHTON
4077 N. Montreal
Milwaukee, WI 53216

LAWRENCE SHACKELFORD
4440 N. 25th Street
Milwaukee, WI 53209

JERMAINE KIRK
7003 W. Congress
Milwaukee, WI 53218

AUGUSTUS WILLIAMS
2802 N. 15th Street
Milwaukee, WI 53206

MARVIN COTTRELL
4142 N. 22nd Street
Milwaukee, WI 53209

on behalf of themselves and all
others similarly situated,

    Plaintiffs,                                              Case No. 13-cv-491

    v.

NORTHCOTT NEIGHBORHOOD HOUSE, INC.
2460 N 6th St
Milwaukee, WI 53212

    Defendant.

## FIRST AMENDED COMPLAINT

## INTRODUCTION

1. This is a class and representative action against Defendant Northcott Neighborhood House, Inc. (Hereafter "Defendant") for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, et seq., and the Wisconsin wage law, Wis. Stat. §109.01, et seq.

2. This action alleges that the Defendant maintains an unlawful policy of not compensating its hourly employees for all work performed, not compensating its hourly employees for overtime, and by maintaining an unlawful compensatory time policy.

3. Through their class-wide claims, Plaintiffs seek compensation for all uncompensated work, and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

5. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367 because they form part of the same case or controversy as the aforementioned claims.

6. The Eastern District of Wisconsin has personal jurisdiction over Defendant, Northcott, because Defendant maintains its principal place of business in Milwaukee County, Wisconsin which is within this District. The acts complained of occurred in this State and District and gave rise to claims alleged.

2

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein occurred in this District and Defendant may be found within this district.

## THE PARTIES

8.  Defendant NORTHCOTT NEIGHBORHOOD HOUSE (hereafter "Northcott") is a non-stock corporation organized and existing under the laws of the State of Wisconsin. Defendant's principal place of business is 2460 North 6th Street in Milwaukee, Wisconsin.

9.  Plaintiff DONTAYE KING is an adult resident of the state of Wisconsin, and has been employed by Northcott since approximately January 2012 until the present.

10. Plaintiff DUANE THOMPSON is an adult resident of the state of Wisconsin, and was employed by Northcott between approximately January 2012 and February 12, 2013.

11. Plaintiff NORMAN BROUGHTON is an adult resident of the state of Wisconsin, and has been employed by Northcott since approximately April 2012 until the present.

12. Plaintiff LAWRENCE SHACKELFORD is an adult resident of the state of Wisconsin, and has been employed by Northcott since approximately February 2012 until the present.

13. Plaintiff JERMAINE KIRK is an adult resident of the state of Wisconsin, and has been employed by Northcott since approximately February 2012 until the present.

14. Plaintiff AUGUSTUS WILLIAMS is an adult resident of the state of Wisconsin, and has been employed by Northcott since approximately January 2012 until March 11, 2013.

15. Plaintiff MARVIN COTTRELL is an adult resident of the State of Wisconsin and has been employed by Northcott since approximately January 2012 until the present.

3

Case 2:13-cv-00491-PJG   Filed 08/02/13   Page 3 of 16   Document 19

16. Each of the Plaintiffs identified in ¶¶9-15 (hereafter "Named Plaintiffs") hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §216 and 256. These consents are attached hereto as Exhibit A.

## COMMON FACTUAL ALLEGATIONS

### A. FAILURE TO PAY FOR ALL HOURS OF WORK

17. Defendant is contracted to perform "deconstruction" work for contractors rehabilitating residential housing in Milwaukee, Wisconsin.

18. In order to perform the deconstruction work, Defendant allocates a number of hours that employees can perform during each work week.

19. Defendant requests, and is actually or constructively aware, that employees perform work in excess of the announced work schedule in order to complete deconstruction projects on time.

20. Defendant suffers and permits employees to perform work in excess of the announced work schedule, and fails to take actions to stop employees from working in excess of the work schedule.

21. Defendant fails to record hours of work performed by its employees in excess of the announced work schedule.

22. Defendant and its supervisors maintain a policy of only paying employees for the predetermined work schedule, regardless of the number of hours the employees actually work.

23. Defendant and its supervisors fail to pay employees for all hours of work performed by its employees, where it requests, suffers or permits employees to work beyond the assigned work schedule.

### B. FAILURE TO PAY OVERTIME

4

24. Defendant maintains a policy of only paying employees for a fixed number of hours per week, regardless of whether it requests, suffers or permits employees to work beyond the assigned work schedule, includes hours worked in excess of 40 hours in a work week.

25. Defendant has informed employees that if they are required to work in excess of 40 hours during a week, they will be given compensation time as Defendant "does not pay overtime."

26. Employees do not receive any regular or overtime pay when they work over 40 hours during the work week, since the predetermined work schedule does not include overtime hours

27. Defendant fails to pay employees at time and one half of their normal rates of pay for hours worked in excess of 40 hours in a work week, where it maintains a policy of not paying employees overtime.

### C. ILLEGAL COMPENSATORY TIME PROGRAM

28. Defendant maintains a policy of providing employees with compensatory time for all hours performed in excess of their scheduled work week ("compensatory time policy.")

29. Compensatory time earned under the Defendant's compensatory time policy is not utilized within the work week in which it is earned, and employees must therefore utilize the compensatory time in another work week.

30. Defendant is ineligible to maintain a compensatory time policy where Defendant is a private employer, and is not a public agency which is a State, a political subdivision of a State, or an interstate governmental agency. *See* 29 U.S.C. 207(*o*); Wis. Adm. Code DWD §274.03.

31. Defendant maintains no written policy on how employees may utilize compensatory time, when compensatory time may be used, when compensatory time is subject to cash payment or forfeiture, or under what circumstances Defendant may deny compensatory time.

5

32. Under Defendant's compensatory time policy, employees are able to accumulate more than 240 compensatory hours.

33. Defendant neither maintains records of compensatory time earned by its employees, nor provides employees with any records of how much compensatory time they have earned.

34. Under Defendant's compensatory time policy, employees are not able to effectively utilize compensatory time, where utilization of compensatory time is exclusively at the discretion of Defendant, where employees are not able to determine how much compensatory time is available, and where Defendant has informed employees that compensatory time expires after a certain amount of time.

35. Where employees have requested the use of compensatory time, Defendant has retaliated against such employees by failing to schedule employees for work, suspending employees, and reducing hours of such employees.

36. Defendant's compensatory time policy has the effect of failing to pay employees for hours of work at the regular rate of pay for hours of less than forty hours in a work week, or at an overtime rate for hours of work after forty hours in a work week.

### D. UNPAID MANDATORY MEETINGS AND COMMUNITY SERVICE

37. Defendant maintains a policy of having its employees attend public events to publicize Northcott Neighborhood House and its programs, and to participate in other "community service" events.

38. Attendance at public events and participating in community service events is mandatory.

39. Defendant does not pay employees for attendance at public events and participation in community service.

40. Defendant disciplines employees who fail to participate in public events or participate in community service by, among other things, suspending employees, demoting employees, or failing to call them for work.

41. Defendant's policies on attendance at public events and community service events have the effect of failing to pay employees for hours of work at the regular rate of pay for hours of less than forty hours in a work week, or at an overtime rate for hours of work after forty hours in a work week.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are or will be employed by Defendant as hourly employees on Northcott projects in Milwaukee, Wisconsin, at any time during the applicable statute of limitations period, who have not been compensated for all hours worked and who have not been compensated at one and one-half times the regular rate of pay for all work performed during time worked in excess of forty (40) hours per work week (hereinafter "Collective Action Plaintiffs").

43. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the Collective Action Plaintiffs that are similarly situated to Named Plaintiffs and have claims that are similar to Plaintiffs' First Claim for relief.

7

44. Several Collective Action Plaintiffs have already signed Consent to Sue forms, and have agreed to "opt in" as plaintiffs to this litigation (hereafter "Opt-In Plaintiffs"). Such consents to date are attached hereto as Exhibit B.

45. Questions of law and fact common to the collective action as a whole, include, but are not limited to the following:

    a. Unpaid regular time wages

    b. Unpaid overtime wages

    c. Defendant's compensatory time policy

    d. Unpaid meeting and community service time

    e. Retaliation against employees for requesting compensatory time and wages

46. Named Plaintiffs, Opt-In Plaintiffs, and Collective Action Plaintiffs are similarly situated and are subject to Northcott's common practice, policy, or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA (and sections §§ 103.02 and 109.03 of Wisconsin Statutes).

47. The claims of the Named Plaintiffs are representative of the claims of the opt-in and collective action plaintiffs, in that, such employees are hourly employees, working for Defendant, who have been deprived of wages and overtime by the Defendant.

48. The names and addresses of the Collective Action Plaintiffs are available from Defendant, and notice should be provided to the Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

## CLASS ACTION ALLEGATIONS

49. Plaintiffs bring the Second Claim for Relief for unpaid regular and overtime wages in violation of Wisconsin wage and hour laws and regulations, under Wis. Stat. §109.03(5); Wis. Adm. Code DWD §272.12, §274.03.

50. Plaintiffs bring the Second Cause of Action for violation of the Wisconsin Wage law, as a supplemental claim pursuant to 28 U.S.C. §1367, on their own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51. Plaintiffs bring their Wisconsin wage claims on behalf of all persons who worked for defendants at any time after May 2, 2011, to entry of judgment in this case (the "class" and "class period", respectively)(hereinafter "Plaintiffs" refer to both Named Plaintiffs and the class).

52. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are approximately 50-100 members of the dlass during the class period.

53. There are questions of law and fact common to this class which predominate over any questions solely affecting individual members of the class, including:

    a. Common policies resulting in a failure to pay regular time and overtime wages.

    b. An illegal compensatory time policy which affected all class members.

    c. Common policies resulting in a failure to pay for meeting and community service time.

    d. Retaliation against employees for requesting compensatory time and wages.

    e. Unpaid meeting and community service time

9

54. Named plaintiffs' claims are typical of those of other members of the class and they are able to adequately represent other class member, where defendant's policies concerning recordkeeping, wages and overtime apply equally to all class members.

## FIRST CAUSE OF ACTION:
## VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 et. seq.

55. Named Plaintiffs and Opt-In Plaintiffs, on behalf of themselves and all Collective Action Plaintiffs, reallege and incorporate by reference paragraphs 1 through 48 as if they were set forth herein.

56. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.

57. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Named Plaintiffs, Opt-In Plaintiffs and each of the prospective Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.

58. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

59. Named Plaintiffs and Opt-In Plaintiffs in this action have signed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and §256. Other individuals will sign consent forms and join as plaintiffs on this claim in the future.

60. At all relevant times, the unpaid work identified in ¶¶17 through 41 of this complaint and which was performed by Defendant's non-exempt hourly employees, including Named Plaintiffs

10

and Opt-In Plaintiffs and Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant.

61. At all relevant times, the unpaid work identified in ¶¶17 through 41 of this complaint and which was performed by Defendant's non-exempt hourly employees, including Named Plaintiffs and Opt-In Plaintiffs and Collective Action Plaintiffs, was and is an integral and indispensable part of such employees' employment with Defendant.

### *PART A - Unpaid Wage Violation*

62. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked.

63. Named Plaintiffs, Opt-In Plaintiffs and Collective Action Plaintiffs performed work for which they received no compensation, as discussed in ¶¶17 through 41 of this complaint.

64. Named Plaintiffs, Opt-In Plaintiffs and all Collective Action Plaintiffs are entitled to compensation for all hours worked.

65. Defendant violated and continues to violate the FLSA, 29 U.S.C. §201 et seq., including 29 U.S.C. §206, by failing to pay Plaintiffs and Collective Action Plaintiffs for all hours worked.

66. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

### *PART B - Overtime Violation*

11

67. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

68. Named Plaintiffs, Opt-In Plaintiffs and Collective Action Plaintiffs performed work in excess of forty (40) hours in a week for which they were not compensated.

69. Named Plaintiffs, Opt-In Plaintiffs and all Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked, as discussed in ¶¶17 through 41 of this complaint.

70. Defendant violated and continues to violate the FLSA, 29 U.S.C. §201 et seq., including 29 U.S.C. §207(a)(1) and §215(a), by failing to pay Plaintiffs and Collective Action Plaintiffs at least one-and one half times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

71. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

### *PART C - Recordkeeping Violation*

72. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked.

73. The Defendant failed to accurately maintain accurate records of all hours worked where it improperly recorded time worked by the Named Plaintiffs, Opt-In Plaintiffs and Collective Action Plaintiffs.

74. By failing to record, report and/or preserve records of hours worked by Named Plaintiffs, Opt-In Plaintiffs and the prospective Class and Collective Action Plaintiffs, Defendant has

failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of FLSA 29 U.S.C. 201 et seq., including 29 U.S.C. §211(c) and §215(a).

75. Defendant's failure to adequately record, report, and/or preserve records of hours worked by its employees results in employees not being fully compensated for hours of work and overtime.

76. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

## *PART D – Retaliation*

77. The FLSA prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has raised complaints concerning unpaid wages and benefits under the Act.

78. The Defendant has retaliated against employees seeking payments for work performed, seeking overtime payments, or opposing the Defendant's compensatory time policies by failing to schedule employees for work, suspending employees, and reducing the hours of such employees.

79. Where employees have requested the use of compensatory time off, Defendant has retaliated against such employees by failing to schedule employees for work, suspending employees, and reducing the hours of such employees.

80. Defendant has suspended employees where they have attempted to allow other employees to utilize their compensatory time bank.

13

81. By its actions, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §215(a)(3).

## SECOND CAUSE OF ACTION:
## WISCONSIN WAGE LAW VIOLATIONS

82. Named Plaintiffs and Opt-In Plaintiffs, on behalf of themselves and all Collective Action and Class Action Plaintiffs, reallege and incorporate by reference paragraphs 1 through 81 as if they were set forth herein.

83. Under Wisconsin law, employers must promptly compensate employees for all hours worked at their regular rate of pay. Wis. Stat. §109.03.

84. Wisconsin law requires employers to compensate employees at time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week. Wis. Stat. §103.02; Wis. Adm. Code DWD §274.03.

85. Pursuant to Wis. Stat. §109.03(5), employees have a right of action against their employer for the full amount of wages due. Such a right extends to the collection of past due overtime wages and unpaid straight-time wages.

86. Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs performed work in excess of their regularly scheduled shifts for which the Defendant did not pay wages, as discussed in paragraphs 17 through 40.

87. Because Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs performed work for which they did not receive compensation, Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs are entitled to any regular

wages for hours worked, up to forty hours per week, for which Plaintiffs were not paid. Wis. Stat. §109.03(5); Wis. Adm. Code DWD §272.12.

88. Under Wisconsin law, Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs are entitled to receive overtime wages at time and one-half the regular hourly rate for hours of work over forty (40) hours per week.

89. Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs are entitled to overtime wages for unpaid hours worked in excess of forty hours per week. Wis. Stat. §109.03(5), Wis. Adm. Code DWD §274.03.

90. By failing to pay Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs wages for all hours worked, Defendant violated and continues to violate Wis. Stat. §109.03(1), (5).

91. By requiring Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs to work hours in excess of forty (40) per week and failing to pay Named Plaintiffs, Opt-In Plaintiffs, Collective Action Plaintiffs and Class Action Plaintiffs their unpaid wages for overtime and for all hours worked, Defendant violated and continues to violate Wis. Stats. §§103.02 and 109.03(1).

## PRAYER FOR RELIEF

**WHEREFORE**, all Plaintiffs demand the following relief:

A. Issue notice to all similarly situated employees of Northcott Neighborhood House, Inc. informing them of their right to file consents to joint this action;

B. Certify all Plaintiffs' federal claims as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b).

C. Certify all Plaintiffs' state law claims under Wis. Stat. Ch. 109 as a class action pursuant to Fed R. Civ. P. 23.

D. Award Named Plaintiffs, Opt-In Plaintiffs and Collective Action Plaintiffs their unpaid regular hourly rate of pay for hours of work up to forty hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

E. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶B of this prayer for relief pursuant to federal law;

F. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶B of this prayer for relief pursuant to state law;

G. Enter an order permanently enjoining and restraining Northcott from violating the provisions of Wisconsin state law and Federal Law;

H. Award Plaintiffs' attorneys their reasonable fees and costs of this action;

I. Grant all Plaintiffs such other relief as this Court deems just and proper.

Dated this 2nd day of August, 2013

/s/Nathan D. Eisenberg

Nathan D. Eisenberg (SBN 1030555)
THE PREVIANT LAW FIRM, S.C.
1555 N. RiverCenter Drive, S. 202
P. O. Box 12993
Milwaukee, WI  53212
Telephone: 414/271-4500
Fax: 414/271-6308
E-Mail: nde@previant.com

Attorney for Plaintiffs

16