# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

DONTAYE KING, et al.
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

                      Case No. 13-cv-491

            v.                      Hon. Patricia J. Gorence

NORTHCOTT NEIGHBORHOOD HOUSE, INC.

    Defendant.

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

    By order dated January 17, 2014, this court certified this action as a collective action for employees for overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) for claims under Wisconsin wage law, Wis. Stat. §109.01, et seq. The parties have tentatively entered into a settlement agreement that covers the collective action and certified class. They now request by Joint Motion for Approval of Settlement that the court give its preliminary approval to the settlement agreement and approve the form and method of providing notice of the proposed settlement agreement.

    The court has reviewed the motion, the proposed settlement agreement, the other exhibits attached to the motion, the proposed form of notice and finds and concludes:

    1. On a preliminary basis, the court finds that the proposed settlement agreement is fair, reasonable, and adequate and is in the best interests of the collective action and

class plaintiffs and the parties. The court will therefore direct that notice of the proposed settlement agreement be provided to the class pursuant to Rule 23.

2. The court has reviewed the attached form of the notice of the proposed settlement, and finds that it complies with the requirements of Rule 23(d) and (c) and fairly presents the terms of the proposed settlement agreement and the class members' rights and responsibilities to the settlement approval process.

3. The court finds that counsel shall send the notice, by first class mail, to all identified class members.

4. As part of this litigation, there are seven named plaintiffs who represent an additional group of 32 individuals who have joined as opt-in plaintiffs to a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. In addition, there are a total of 60 individuals who are included in a class under Rule 23 for claims under Wisconsin's wage statute, Wis. Stat. § 109.03.

5. The proposed settlement fairly treats all collective action and class plaintiffs. For each plaintiff, such settlement is based on the total amount of time performing work which was subject to the purported illegal compensatory time scheme. It, therefore, apportions damages based on the period of time that each class member was employed, and applies the correct statutory damage calculation for each plaintiff.

6. The settlement also considers the financial viability of the defendant. To ensure the ability of the defendant to pay the settlement, it spreads the settlement payments over a three year period. It also provides that plaintiffs will be entitled to default judgment in the event that the defendant ceases making payments.

Therefore, based upon the foregoing:

**IT IS HEREBY ORDERED** that the proposed settlement agreement is preliminarily approved.

**IT IS FURTHER ORDERED** that the notice to class members is approved. The appropriate notice shall be mailed to each class member at his or her last known address by counsel on or before September 10, 2014.

**IT IS FURTHER ORDERED** that on October 1, 2014 at 2:00 p.m. at 264 United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, a hearing will be held to determine the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the proposed settlement agreement and exhibits thereto.

Dated at Milwaukee, Wisconsin this 29th day of August, 2014

s/ Patricia J. Gorence
Patricia J. Gorence
U.S. Magistrate Judge